UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CHRISTOPHER SELKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO:   1:20-cv-02847 |
| ) | |
| PENSKE TRUCK LEASING, ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW the Plaintiff, Mr. Christopher Selke, hereinafter "Mr. Selke", by counsel, pursuant to Fed. R. Civ. P. 3, and files his Complaint against Defendant, Penske Truck Leasing, and shows the Court the following:

**JURISDICTION AND VENUE**

1. This suit is brought and jurisdiction lies pursuant to §28 U.S.C. § 451, 1331, 1337, 1343 and 1345. This is an action authorized and instituted pursuant to the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 et seq., Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Southern District of Indiana, Indianapolis Division. Therefore, venue is proper within this District and Division pursuant to 42 U.S.C. § 12117(a) and 28 U.S.C. §1391.

3. This Court has Supplemental jurisdiction over the state law claims alleged in this Complaint, pursuant to the Judicial Improvements Act of 1990, 28 U.S.C. 1367. Jurisdiction is

proper as the state law claims arise out of the same transaction or occurrence that is the subject matter of the federal claims in this Complaint. Accordingly, justice and judicial economy require that this Court assert supplemental jurisdiction over the state law matters alleged in this Complaint.

## PARTIES

4. The Plaintiff, Mr. Selke, is a male citizen of the United States, and is a qualified employee as defined in Section 701(f) of Title VII.

5. Defendant is a qualified employer as the term is defined in Section 701(f) of Title VII.

6. Defendant is a foreign for-profit corporation doing business in the state of Indiana and registered with the Indiana Secretary of State.

## ADMINISTRATIVE PROCEDURES

7. On or about May 7, 2020, Mr. Selke filed timely charges of Disability Discrimination in violation of the ADA, against Defendant with the Equal Employment Opportunity Commission ("EEOC"), Charge Number 470-2020-01158.

8. On or about September 22, 2020, Mr. Selke received a Notice of Right to Sue from the EEOC for Charge Number 470-2020-01158, entitling him to commence action within ninety (90) days of his receipt of the Notice. A copy of the Notice is attached hereto and incorporated herein by reference as Exhibit "A".

9. The Complaint in this matter was filed within ninety (90) days of receipt of the above referenced Notice of Right to Sue from the EEOC.

## FACTS

10. The Defendant hired Mr. Selke on or about February 17, 2018.

11. Throughout his employment with Defendant, Mr. Selke met or exceeded Defendant's legitimate expectations of performance.

12. Mr. Selke worked as a Customer Service Representative Fueler/Washer.

13. In early July of 2019, Mr. Selke received a promotion and was made a Team Lead. However, Mr. Selke interviewed for, and was selected for, the Body Shop Tech 3 position.

14. On or about August 1, 2019, Mr. Selke contacted Joe Sangladolce, Regional Manager, to inquire about why he hadn't been placed in his new role yet.

15. Mr. Selke learned that one of his supervisors informed Mr. Sangladolce that Mr. Selke was not a good worker and didn't do his job properly. However, Mr. Selke stated to Mr. Sangladolce that the information was false, given his recent promotion for his good work.

16. Mr. Selke further explained to Mr. Sangladolce and Jason Lindsey that he was tired of being harassed at work.

17. This harassment includes, but is not limited to, co-workers eating Mr. Selke's personal food from the work refrigerator and verbal comments being made after Mr. Selke raised concerns about people smoking in the truck wash bay.

18. Within an hour after complaining of the harassment, Mr. Selke was transferred to a new location, placed in an undesirable shift, and stripped of his Lead position and pay.

19. Then, on or about September 2019, Mr. Selke sustained an injury at work.

20. Mr. Selke made his supervisors aware that he had injured himself.

21. Mr. Selke sought medical treatment for his injury through workers' compensation.

22. After his injury, Mr. Selke went for medical treatment and was given extensive restrictions for use of his right arm.

23. Mr. Selke returned to work the next day and notified Defendant of his restrictions.

24. Defendant failed to accommodate Mr. Selke's medical restrictions.

25. Mr. Selke was made to wash trucks, lift more weight than what was allowed by his medical restrictions, and perform other duties outside.

26. Mr. Selke informed his supervisor numerous times that performing his job duties made his injury worse and he suffered from severe pain. In fact, Mr. Selke had to take leave during some shifts because he could not work through the pain.

27. Defendant told Mr. Selke he was already performing a less physically demanding job and there were no other light duty positions for Mr. Selke.

28. Due to his arm pain continuously getting worse, Mr. Selke was forced to use all of his time off work.

29. Mr. Selke was made to take time off from work because of Defendant's failure to accommodate Mr. Selke's work restrictions.

30. When Mr. Selke used all of his allotted time off, he felt he had no choice but to stop working.

31. On or about December 11, 2019, Mr. Selke ended his employment with Defendant.

32. Defendant discriminated against Mr. Selke due to his disability.

33. The defendant failed to communicate with Mr. Selke about his disability and necessary accommodations as required by the ADA.

34. The Defendant retaliated against Mr. Selke due to him reporting the harassment he experienced while at work.

## COUNT I

## DISCRIMINATION ON THE BASIS OF A DISABILITY

Mr. Selke, for his first claim for relief against Defendant, states as follows:

35. Mr. Selke hereby incorporates by reference paragraphs 1 through 34 as though previously set out herein.

36. At all times relevant to this action, Mr. Selke was a "qualified individual with a disability" as that term is defined by 42 U.S.C. §12102 and 12111.

37. The conduct as described hereinabove constitutes discrimination based on Mr. Selke's disability.

38. The Defendant willfully and intentionally failed to accommodate Mr. Selke's disability.

39. Defendant intentionally and willfully discriminated against Mr. Selke because he is disabled and/or because Mr. Selke has a record of being disabled and/or because Defendant regarded Mr. Selke as disabled. Similarly situated non-disabled employees were treated more favorably in the terms of privileges, and conditions of their employment.

40. Defendant's actions were intentional, willful and in reckless disregard of Mr. Selke's rights as protected by the ADA and Title VII.

41. Mr. Selke has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## COUNT II

## RETALIATION

42. Mr. Selke hereby incorporates by reference paragraphs 1 through 41 as though previously set out herein.

43. The conduct as described hereinabove constitutes retaliation on the basis of Mr. Selke making a complaint of the harassment he experienced while at work.

44. The Defendant retaliated against Mr. Selke by transferring him, demoting him, and docking his pay.

45. By the conduct described hereinabove, the Defendant has willfully and intentionally, with malice or reckless disregard of Mr. Selke's rights, engaged in unlawful and discriminatory employment practices, materially affecting and altering the terms and conditions of his employment, in violation of Title VII.

46. Mr. Selke has suffered emotional and economic damages as a result of Defendant's unlawful actions.

## **REQUESTED RELIEF**

WHEREFORE, Plaintiff, Mr. Selke, respectfully requests that this Court enter judgment in his favor and:

    a. Order Defendant to pay Mr. Selke his lost wages and other economic benefits lost as a result of Defendant's unlawful acts;

    b. Reinstatement to the position, salary and seniority level to which he would have been entitled but for the Defendant's unlawful actions, or front pay in lieu of reinstatement;

    c. Pay compensatory damages;

    d. Pay punitive damages;

    e. Pay liquidated damages;

    f. Pay for lost future wages;

    g. Pay to Mr. Selke all costs and attorney's fees incurred as a result of bringing this action;

      h.      Payment of all pre and post judgment interest;

      i.      Provide to Mr. Selke all other legal and/or equitable relief this Court sees fit to grant.

## DEMAND FOR JURY TRIAL

The Plaintiff, Mr. Selke, by counsel, respectfully requests a jury trial for all issues deemed so triable.

Respectfully submitted:

/s/ *Tiffany R. Guthrie*
Tiffany R. Guthrie 35878-49
Darron S. Stewart #21114-29
STEWART & STEWART ATTORNEYS
931 S. Rangeline Rd.
Carmel IN 46032
(317) 846-8999
Fax: (317) 843-1991
Tiffany@getstewart.com
Attorneys for Plaintiff,
Christopher Selke